IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00391-F

| | |
|---|---|
| RICHARD C. FOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| v. ) | RECOMMENDATION |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the *pro se* Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 [DE-1] and for frivolity review of the complaint [DE-1-1] pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's application is allowed for the limited purpose of conducting frivolity review, and it is recommended that the complaint be dismissed.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S.

at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the

2

development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff alleges the United States, Barack Obama, the Department of Justice, the Department of Health and Human Services, and the Federal Communications Commission have violated the Constitution by neglecting and defaming Plaintiff and other individuals with mental illness, citing the First, Fifth, Ninth, and Fourteenth Amendments and 28 U.S.C. § 4101. [DE-1-1]. Plaintiff, pursuant to 28 U.S.C. § 1361, requests that the court order the House of Representatives to institute impeachment proceedings against Barack Obama, order the Justice Department to proceed against the media for failing to investigate certain government officials, and issue an injunction preventing the City of Raleigh from continuing work on the Dorothea Dix Hospital property. *Id.* Plaintiff also seeks monetary relief, including $100,000,000 in compensatory damages and punitive damages. *Id.* Plaintiff's allegations fail to state a cognizable claim.

The statements Plaintiff interprets as disparaging to the mentally ill do not establish a Constitutional violation. Furthermore, Plaintiff cannot establish a defamation claim where none of the alleged statements are about Plaintiff. *See Spirax Sarco, Inc. v. SSI Eng'g, Inc.*, 122 F. Supp. 3d 408, 434 (E.D.N.C. 2015) ("North Carolina courts have recognized there are constitutional limits on the *type* of speech subject to a defamation action and [i]f a statement cannot reasonably [be] interpreted as stating actual facts about an individual[,] it cannot be the subject of a defamation

3

suit.") (internal quotation marks omitted) (quoting *Daniels v. Metro Magazine Holding Co.*, 179 N.C. App. 533, 539, 634 S.E.2d 586, 590 (2006)). And, 28 U.S.C. § 4101 does not establish a federal defamation claim, but rather defines defamation in the context of foreign judgments and is, thus, inapplicable here.

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A "writ of mandamus . . . is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984). Furthermore, mandamus is limited to cases where "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988). The complaint fails to plausibly allege facts that would demonstrate Plaintiff has a clear right to relief or that Defendants have a duty to act under the circumstances described.

Accordingly, it is recommended that Plaintiff's complaint be dismissed for failure to state a cognizable claim.

### III. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the case be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **November 21, 2016** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is,

4

make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

SUBMITTED, the 7th day of November 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

5